# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>RANDY ALAN STRUBLE,<br><br>    Defendant. | No. CR06-4025-DEO<br><br>**DETENTION ORDER** |

_____

This matter came on for detention hearing on April 26, 2006. Assistant U.S. Attorney John Lammers appeared on behalf of the plaintiff (the "Government"). The defendant Randy Alan Struble appeared in person with his attorney, Robert Tiefenthaler. The Government offered the testimony of Task Force Agent Chad Cleveland.

The court must determine whether any condition or combination of conditions will reasonably assure Struble's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Struble as required and the safety of the community if the court finds there is probable cause to believe Struble committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. This presumption is subject to rebuttal by Struble. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk of flight and

danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988). A grand jury's indictment provides the probable cause required under 18 U.S.C. § 3142(e) to trigger the rebuttable presumption of risk of flight and danger to the community. *See United States v. Garcia*, 801 F. Supp. 258 (S.D. Iowa 1992) (citations omitted).

In the present case, the evidence indicates that over a three-year period, Struble continued to be involved in methamphetamine manufacturing activities, even after contacts with law enforcement. It appears he has been unable to cease engaging in illegal activities despite suffering physical injury and injury to his property as a result of methamphetamine manufacturing.

In addition, Struble has failed to offer any evidence to rebut the presumption that he would be a danger to the community. The presumption arises from the charge itself – a serious drug charge involving the manufacture of a significant quantity of methamphetamine. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985). Viewing the record as a whole, the court finds nothing to indicate Struble would be able to refrain from continuing to engage in criminal activities if he were released.

Accordingly, the court finds the Government has proved by clear and convincing evidence that Struble would be a danger to the community if released. Therefore, the court finds the following:

1. Struble is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Struble reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Struble to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Struble must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 1st day of May, 2006.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT